SAMUEL W. BENT *v.* ABIAL MANNING.

If one furnish an infant necessaries, and also other articles, not necessary under his circumstances and condition, he is not, on that account, precluded from recovering for the necessaries.

In an action for necessaries furnished to an infant, the question whether necessary or not, is one of fact to be determined by the triers of fact and not by the court.

If a copy of the plaintiff's account, in an action of book account, be appended to the report, and it appear that no more of it was allowed by the auditor, than what by law he was authorised to allow, it is not necessary he should state what particular items he allowed.

In such case it is sufficient if the allowance be stated in gross.

THIS was an action of book account, brought to the county court. Judgment to account having been rendered, an auditor was appointed, who reported, that the plaintiff presented an account against the defendant, for items furnished the defendant's son, a minor, and gave a credit for the son's services, and that he allowed to the plaintiff a part of said account, as follows :—

" The plaintiff's charges for expenses of de-
" fendant's son, for the first year of the son's
" services, besides board and washing.                    $93,83

" For board, washing and clothes for the se-
" cond year.                                              250,00

" For extra clothing, in consequence of jour-
" ney, loss of clothes and other necessary ex-
" penses.                                                  45,00

" Paid expenses of journey of defendant's son.            35,00

" Expenses of three months and thirteen days,
" third year.                                             85,83

" Interest on balance from June 1836.                     13,39
                                                        ─────────
                                                         523,05

" Plaintiff's credit for the son's servi-
" ces the first year, besides his board
" and washing.                             25,00
"    Ditto    the second year.            250,00
"    Ditto    three months and thir-
" teen days of third year.                 85,83────── 360,83
                                         ───────     ─────────
                    " Balance due the plaintiff    $162,22."

That, upon the trial before the auditor, the following facts

were shown. In the fall of the year 1833, the plaintiff, who was a merchant in Boston, wanted a clerk in his store, and mentioned the fact to Henry Seymour, who then resided in Boston. Seymour recommended the defendant's son, then fifteen years old, and at the request of the plaintiff, wrote to the defendant, who then resided in Salisbury, in the county of Addison, stating that the plaintiff wished to hire a boy, and " *would give his board for the first year, and the second year, his board and clothes.*" To this letter the defendant replied, by letter, that he was not satisfied with the terms, and was unwilling to send his son, unless he could have his board and clothing. Soon after the receipt of this answer by Seymour he communicated it to the plaintiff, and, at the plaintiff's request wrote again to the defendant on the subject, but before receiving the defendant's answer, he, at the plaintiff's request, wrote a third letter to defendant, on the 20th of November, 1833, enclosing a copy of a letter from the plaintiff to the defendant, in which the plaintiff expressed a wish to have the defendant's son come soon, and said, " if " the young man is what he is represented, if he can come " for the purpose of usefulness, &c., I shall be disposed to " encourage him beyond what is the usual custom." Without any further communication between the parties the defendant sent his son to Boston, together with a letter addressed to the plaintiff, dated Dec. 3, 1833, in which he said, " we have not furnished him with many clothes, as he is " growing, and were that not the case, they would not, pro- " bably, be fashionable in your place. I wish you would fur- " nish him with such articles of clothing as he shall need, " and should you think his services insufficient to warrant the expense, I will meet his necessary expenses." It was contemplated by the parties that the young man might remain with the plaintiff more than one year, and he did remain two years, three months and thirteen days, until March, 1836, when he left the plaintiff's employment. The services of the young man were satisfactory to the plaintiff. After he went into the plaintiff's service, there was no direct communication between the plaintiff and defendant, until after he left the plaintiff. At the end of the first year the the plaintiff credited him $25, besides his board and washing, which sum he treated as a present, over and above his

claim for services. The plaintiff then agreed with the young man to give him for the second year, $225,—and at the end of that year, he credited him with a further sum of $25,00, in addition to his year's salary, and then agreed with him to give him $300, for the third year. The defendant was informed of these agreements not long after they were made, but not immediately, and did not object to them. The board and washing for the first year, and the sums, agreed to be paid for the subsequent years, were as large a compensation as was customary to give in like cases, and the several sums of $25,00, at the end of the first and second years, were in addition to the usual allowances. The plaintiff and the defendant's son settled the account at the expiration of the first and second years, and ascertained the balance due to the plaintiff, and the plaintiff requested the young man to write to his father and ask him to forward money on the account, but it did not appear that the young man notified the defendant of the request, until he left the service of the plaintiff, although it appeared, that in the course of the correspondence between the defendant and his son, the defendant was informed that the plaintiff's charges exceeded the credits for the young man's services. There was no direct communication between the plaintiff and defendant on the subject until June, 1836. The defendant then being in Boston, the plaintiff sent for him and his son, and they called on the plaintiff at his store and had a conversation relating to the account, which was before them, as contained in the leger, which did not specify the items. An objection was made that the plaintiff had not given credit for the whole time of service, and the error was corrected, and no other objection was made. The plaintiff, without further, or other instructions from the defendant than those contained in his letter above referred to, furnished the young man with clothes and other expenses, during the first year, after which time he provided for himself, and was furnished with money therefor by the plaintiff. The whole was charged in the plaintiff's account to the young man, with whom the account was kept in the plaintiff's books, as was the custom in such cases. All the articles charged in the account, were for the young man's expenses—or goods and money appropriated to his use. During the summer of 1825, the young man, at the

request of the defendant and with the consent of the plaintiff, visited his friends in Salisbury, and returned to Boston by the way of New York, and was absent on this visit about a month, and, while so absent, he lost his trunk and all his clothing, except the suit which he wore. This increased his expenses for clothing, which were paid by the plaintiff, and the plaintiff paid $35,00, for the expenses of his journey. It was not customary to charge a young man, when so absent, with the consent of his employer, with loss of time. The expenses of the young man for the first year, as charged by the plaintiff, the auditor found to be necessary for him, in his station, but for the remainder of the time, in the opinion of the auditor, they were more than were necessary, for one in his circumstances. The sums allowed by the auditor were such as appeared to him the be required for the defendant's son, situated as he was. The auditor annexed the plaintiff's account to his report.

The defendant objected to the acceptance of the report.

1. Because the auditor made the defendant liable for goods, &c., furnished by the plaintiff, to the defendant's son during the whole time of the son's service, upon an alleged express undertaking of the defendant to pay, whereas, if the defendant contracted to pay at all, his engagement was to pay for such articles of clothing, only, as were necessary to supply his son's deficiency, at the time of entering the employment of the plaintiff.

2. Because the plaintiff contracted with the son for his services during all that time.

3. The plaintiff having furnished the son with clothes, &c., to an extravagant extent, the defendant was not liable for any part of the account.

4. Because many items of cash were charged which were not expended by the plaintiff for necessaries for the minor.

5. Because the auditor had not reported what part of the plaintiff's account he had allowed, and what part he had disallowed.

6. Because the auditor had reported the facts which rendered the items necessaries, which items are not usually deemed necessaries for an infant.

7. Because the auditor misjudged as to the true construction of the defendant's contract.

The county court overruled the objections, and rendered a judgment for the plaintiff to recover against the defendant, the sum found due the plaintiff by the auditor.

The defendant excepted.

*Briggs & Barber*, for defendant.

The contract being made with the minor, for the amount of his wages, and the payment made to him, the defendant cannot be made liable. 1 Bl. Com. 440, note 3.

The plaintiff having furnished the minor with clothes, to an extravagant extent, is not entitled to recover for any portion of his account. *Simpson* v. *Robertson*, 1 Esp. R. 17. *Ford* v. *Frothingham*, 1 do. 211.

The report should be set aside because the auditor did not specify what items he allowed, and those he disallowed. *Eddy et al.* v. *Hine*, 3 Vt. R. 389. *Mack* v. *Brush*, 5 do. 70.

*H. Bell*, for plaintiff.

The opinion of the Court was delivered by

Redfield, J.—1. The defendant's first objection to the report is not well founded, in point of fact. It is found by the auditor, in terms, that defendant did agree with plaintiff to furnish necessaries to his son, while he should remain with him.

2. The report does not find that the credit was given to the son, but on the contrary, to the father. The son, as might have been expected, acted in the capacity of agent for his father, in making the contract, after the first year, and in stating the account. The father was notified, and did not disclaim the contract. And even up to the time of his son leaving the plaintiff's employ, he did not pretend that the contract made by his son was on the son's account.

3. It is contended that, because the plaintiff furnished to the son some articles not necessary, he is, therefore, not entitled to recover for those furnished, which were necessary. We know of no good reason why any such penalty should be inflicted upon the plaintiff.

4. It is found by the auditor, that the money, allowed by him, was expended in necessaries, and for the expenses of the journey which he took at his father's request, and for the expenses of which the defendant must of course be liable, whether necessary or not. The better authority at common law is, that an *infant, himself,* is not liable, *at law,* for mon-

ey lent, although expended in the purchase of necessaries. *Probart* v. *Knouth*, 2 Esp. 472, and 10 Petersdorff, 543, in notes. *Sed contra, Ellis* v. *Ellis*, 12 Modern, 197. But in chancery, the lender of the money may be subrogated to the rights of the seller of the goods, even as against the infant. 1 P. Wms. 558, 482. 1 Ves. 249. And as against the father, the distinction between a liability at law and in chancery, has never been taken. It is indeed questionable, whether our courts might not now consider money, to a certain extent, necessary to be furnished a minor, under some circumstances.

5. The objection to the manner of the auditor's stating the account does not seem to be of any importance. The copy of plaintiff's account accompanies the report. The auditor finds that all the items charged were delivered, and that an account equal to that allowed was for necessaries for the son, and came within the terms of defendant's contract, as stated by the auditor. It was for the auditor to find what articles, and what amount were for necessaries, under the circumstances and condition of the son. It could answer no good purpose that he should state each item of charge by him considered necessary. He, after all, and not the court, is to determine, whether it were necessary. This he might as well do in gross as by particulars. It is not indeed within the rule requiring the items of an account to accompany the report. But that, in this case, *is* done, and this court are surely not inclined to go beyond that rule. It is not intended to say that the court have nothing to do with the question, whether the items of account are of a name and quality coming within the denomination of necessaries, as food, clothing, washing, medicine, education, &c. for this is exclusively a question of law, and this the court had ample means of deciding, by being furnished with a copy of the account. All that is to be considered as decided here is, that the jury are to judge, or the auditor, (as the case may be,) to what extent the articles are necessary. *Maddox* v. *Miller*, 1 M. & S. R. 738. 10 Petersdorff, 540, and notes.

Judgment of the county court affirmed.