PRICE ET AL. *v.* SANDERS ET AL.

FRAUDULENT CONVEYANCE.—*Pleading.— Complaint.*—In an action by a creditor, against his debtor and another, to set aside an alleged fraudulent conveyance of real estate to the latter by the debtor, the complaint must, to be sufficient as against such grantee, allege, that the debtor, at the time of such conveyance, had no other property out of which the plaintiff's claim could be made.

SAME.—*Joint Demurrer*—A joint demurrer to a complaint against several defendants, for insufficiency, should be overruled, if the complaint is sufficient as to any one of them, though insufficient as to the others.

INFANT.—*Necessaries.*—The necessaries for which an infant is liable are such things as are necessary to his support, use and comfort, comporting with his condition and circumstances in life; and he is liable for necessaries furnished his wife.

SAME.—*Promissory Note.*—*Contract.*—An infant is not liable at law, on his promissory note, or other contract, for money by him thereby obtained, to be used in improving, repairing or working his farm; nor is he liable thereon though the money obtained be expended for necessaries.

SAME.—The indebtedness for necessaries for which an infant is liable must be created directly for the necessaries.

SAME.—*When Liable in Equity.*—Where the creditor shows that money furnished by him was expended by his infant debtor for necessaries, or in paying a debt incurred for necessaries, the latter is liable in equity to the former, who stands in the place of the person furnishing the necessaries.

PLEADING.—*Partial Answer.*—*Practice.*—An answer sufficient as to part only, but pleaded to the whole, of a complaint, is bad on demurrer.

From the Henry Circuit Court.

*J. Brown, J. M. Brown* and *R. L. Polk,* for appellants.

*T. B. Redding, J. T. Elliott* and *W. H. Elliott,* for appellees.

BIDDLE, J.—Complaint in three paragraphs, by the appellees, against Benjamin G. Price, Lydia M. Price, Charles T. Price and Delila T. Price, the appellants.

The first paragraph counts upon a promissory note made by Benjamin G. Price, to the appellees, dated September 21st, 1875, for four hundred dollars.

The second paragraph sets out the same note and avers, that, at the time of making the note, Benjamin G. Price was the owner of certain described lands; that afterward, on the 4th day of October, 1875, he fraudulently conveyed the same, without any consideration, and for the purpose of hindering, delaying and defrauding his creditors, to Lydia M. Price, wife of Charles T. Price, who colluded with the fraud and accepted the conveyance; that Delila T. Price, wife of Benjamin, joined in said conveyance with a full knowledge of all the facts, intents and purposes; "that defendant Benjamin G. Price has no personal property or other real estate, out of which said debt can be made, or liable to execution."

The third paragraph is not legally different from the second, except that, instead of setting out the promissory note, it alleges an indebtedness for money paid, goods sold and delivered, upon a common count.

Prayer for judgment for the debt, that the conveyance be set aside, and for general relief.

The appellants jointly demurred to each paragraph of the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action.

The court sustained their demurrer to the first paragraph, and overruled their demurrers to the second and third paragraphs, to all of which rulings the parties excepted.

The appellants then answered jointly:

1.   A general denial; and,

2.   That Benjamin G. Price was a minor at the time he executed the note.

Benjamin G. Price answered separately to the whole complaint, and to the second and third paragraphs separately, that he was an infant, at the time he executed the note, under the age of twenty-one years.

Demurrers, alleging the want of facts to constitute a defence, were overruled to the answer, and exceptions reserved.

The plaintiffs replied by a general denial to the answer, and, by a second paragraph, that said Benjamin G. Price at the time he made the note set out, and at the time he became indebted as stated in the third paragraph of complaint, was a married man, having a wife and family, and was keeping house at Middletown; that he was then the owner of the land described in the complaint, and was engaged in cultivating and improving the same; that the money he acquired by the note and other indebtedness alleged in the complaint was used and expended in the purchase of material, and for the payment of work and labor done, in erecting a barn and other buildings upon said lands, and that said buildings "were necessary and proper to the condition, state of wealth and circumstances

of said defendant, and to the proper use and enjoyment of said farm;" that said money "was used, laid out and expended for clothing, food, furniture and other necessaries for said defendant and his family;" and that said defendant held himself out as a man of full age, and was engaged in active business at the time said debts accrued. Wherefore, etc.

A third paragraph of reply is so essentially the same as the second that it need not be stated.

Demurrers to each of these special paragraphs of reply, for the alleged want of facts to constitute a sufficient reply to the answer were overruled, and exceptions reserved to the rulings.

Trial by jury; general verdict for appellees, with answers to special interrogatories, as follows:

"Is not Benjamin G. Price under twenty-one years of age?

"Ans. No.

"When was Benjamin G. Price born?

"Ans. The evidence does not disclose.

"Was not Benjamin G. Price born June 9th, 1855?

"Ans. We do not so find from the evidence."

Motion for new trial overruled; exceptions; judgment; appeal.

The assignments of error present the questions of overruling the demurrers to the second and third paragraphs of the complaint, and to the second and third paragraphs of reply, and overruling the motion for a new trial.

Neither the second nor third paragraph of the complaint is sufficient, as against Lydia M. Price, Charles T. Price and Delila T. Price, or either of them. Neither paragraph avers, that Benjamin G. Price had no other property out of which the debt could have been made, at the time the alleged fraudulent conveyance was made. The averment, that "Benjamin G. Price has no personal property or other real estate out of which said debt can be made," being in the present tense, must be held to

refer to the time at which the complaint was filed, and not to the time when the alleged fraudulent conveyance was made. This is insufficient. *Sherman* v. *Hogland,* 54 Ind. 578; *Evans* v. *Hamilton,* 56 Ind. 34; *Bentley* v. *Dunkle,* 57 Ind. 374; *Romine* v. *Romine,* 59 Ind. 346; *Deutsch* v. *Korsmeier,* 59 Ind. 373.

But each of the paragraphs of the complaint is sufficient as against Benjamin G. Price; and, as the demurrers were joint, and there being a sufficient cause of action against one of the defendants, they were properly overruled. *Estep* v. *Burke,* 19 Ind. 87; *Teter* v. *Hinders,* 19 Ind. 93.

The second and third replies to the answer are attempts to show that the note was given and the indebtedness incurred for necessaries furnished to Benjamin G. Price, while a minor. "Necessaries," in the technical sense, mean such things as are necessary to the support, use or comfort of the person of the minor, as food, raiment, lodging, medical attendance, and such personal comforts as comport with his condition and circumstances in life, including a common school education; but it has been pithily and happily said, that necessaries do not include "horses, saddles, bridles, liquors, pistols, powder, whips and fiddles." It is very clear that the erection of a barn and other buildings on the land of the minor, for its improvement, can not be held as included within the term "necessaries." In the case of *Tupper* v. *Cadwell,* 12 Met. 559, it was held, that a minor was not liable for the expense of repairing his dwelling-house, on a contract made by himself therefor, although such repairs were necessary for the prevention of immediate and serious injury to the house. But it does not appear in these paragraphs of reply, that the note was given, or the indebtedness incurred, for the erection of the barn and other buildings, but for money which, it is alleged, was used and expended in the erection of said buildings; and a minor can not be held liable at law on his note or other contract for money, even though he expends the money

for necessaries. The indebtedness must be created directly for the necessaries, or he will not be liable at law. The reason of the law is, that the minor might waste the money, and no matter *ex post facto* can entitle the plaintiff to his action. *Darby* v. *Boucher*, 1 Salk. 279.

A minor is also liable for necessaries furnished to his wife. *Rainsford* v. *Fenwick*, Cart. 215; *Williams* v. *Harrison*, Holt, 359; *Beeler* v. *Young*, 1 Bibb, 519; *Clowes* v. *Brooke*, 2 Stra. 1101; *Hands* v. *Slaney*, 8 T. R. 578; *Waithman* v. *Wakefield*, 1 Campb. 120; *Stanton* v. *Willson*, 3 Day, 37; *Bent* v. *Manning*, 10 Vt. 225; *Mason* v. *Wright*, 13 Met. 306; *Smith* v. *Kelley*, 13 Met. 309; *Middlebury College* v. *Chandler*, 16 Vt. 683; *Phelps* v. *Worcester*, 11 N. H. 51; *N. H. Mut. Fire Ins. Co.* v. *Noyes*, 32 N. H. 345; *Haine* v. *Tarrant*, 2 Hill, S. C. 100; *Grace* v. *Hale*, 2 Humph. 27; *Rainwater* v. *Durham*, 2 Nott & McC. 688; *Saunders* v. *Adm'r of Ott*, 1 McC. 351; *Cunningham* v. *Irwin*, 7 S. & R. 247; *Charters* v. *Bayntun*, 7 Car. & P. 495; *Burghart* v. *Hall*, 4 M. & W. 727; *Peters* v. *Fleming*, 6 M. &. W. 42; *Henderson* v. *Fox*, 5 Ind. 489; *Pickler* v. *The State*, 18 Ind. 266; *Dorrell* v. *Hastings*, 28 Ind. 478; *Grossman* v. *Lauber*, 29 Ind. 618; *Carpenter* v. *Carpenter*, 45 Ind. 142; *Coates* v. *Wilson*, 5 Esp. 152; *Crantz* v. *Gill*, 2 Esp. 471; *Dilk* v. *Keighley*, 2 Esp. 480.

But, if a creditor furnishes money to a minor, which he uses to purchase necessaries, and the creditor shows its application for the purchase of necessaries, the minor, in equity, will be liable; or where a person lends money to a minor to pay a debt incurred for necessaries, and the debt is so actually paid, he will stand in equity in the place of the original creditor, and the minor will be liable to him. *Harris* v. *Lee*, 1 P. Wms. 482; *Marlow* v. *Pittfield*, 1 P. Wms. 558; *Darby* v. *Boucher*, 1 Salk. 279; *Ellis* v. *Ellis*, 1 Ld. Raym. 344; *Clarke* v. *Leslie*, 5 Esp. 28; *Conn* v. *Coburn*, 7 N. H. 368.

According to this equitable doctrine, which we approve,

and as, under our code of procedure, either law or equity may be administered in the same action, as the facts may warrant, if the second and third paragraphs of reply averred that the money obtained on the promissory note and other indebtedness stated in the complaint was expended solely for necessaries, they would have been good; but as they undertake to reply to the whole answer, and do not aver that the whole of the money so obtained was applied in payment of necessaries for the minor, they are insufficient as to any part. In overruling the demurrers to them, therefore, the court erred.

As this ruling must dispose of the case, we do not examine the remaining question as to the sufficiency of the evidence to sustain the verdict.

The judgment is reversed, at the costs of the appellees, and the cause remanded, with instructions to sustain the motion for a new trial, and to sustain the demurrers to the second and third paragraphs of reply, and for further proceedings.