50  475
90  495

## Benson J. Wood v. Frederick Losey.

*Garnishment—Assigned claims—Infant's liability for necessaries.*

Whether, when a garnishee who has disclosed and paid over is sued by
an assignee of the principal debtor, he cannot show that the assign-
ment was invalid as against the creditors who had garnished him
—Q.

An infant sued for the price of goods does not have the burden of show-
ing that they were not necessaries, and the plaintiff cannot make
out his case without showing that they were, whether defendant
assumes such burden or not.

An infant who was sued for the price of a horse sold to him showed that
his sole business was to carry on his mother-in-law's farm for one-third
of the produce, and that she was to furnish all the teams, tools and
implements. *Held* that this showed that the horse was not a " neces-
sary " for which he was liable. And it was error to give the jury to

understand that it was the necessity of the horse to the farming business, instead of to his part in it, that fixed his liability.

Error to Ingham. (Gridley, J.) April 20.—April 25.

Assumpsit. Defendant brings error. Reversed.

*A. B. Haynes* for appellant. In a suit for the price of a horse bought by an infant who was working the farm of another person, the horse could not be regarded as a necessary if the owner of the farm was to furnish tools, teams and utensils : 1 Pars. Cont. 113 ; Tyler on Infancy 117 ; *Tupper v. Cadwell* 12 Met. 559 ; *Mason v. Wright* 13 Met. 306 ; *Mohney v. Evans* 51 Penn. St. 80 ; *Merriman v. Cunningham* 11 Cush. 40.

*Hammond, Barkworth & Smith* for appellee. Conveyances fraudulent as against creditors can be attacked only by creditors : *Richardson v. Welch* 47 Mich. 308 ; a garnishee who has known of an assignment of the claim before his disclosure, but has nevertheless paid over the money, cannot plead the garnishment proceedings as a defense to an action against himself for the claim : *Johnson v. Dexter* 38 Mich. 695 ; *Tabor v. Van Vranken* 39 Mich. 793 ; the requirement that one who sells to an infant must inform himself as to whether he is not provided for is relaxed : *Dalton v. Gibb* 7 Scott 117 ; *Brayshaw v. Eaton* 5 Bing. N. C. 231 ; the tradesman runs the risk of proving the infant's liability : *Steedman v. Rose* 1 Car. & M. 422 ; the obligation of a stranger to furnish necessaries to an infant does not preclude the infant's liability for articles sold him that were proper for him, and were not in fact furnished by the stranger : *Charters v. Bayntun* 7 C. & P. 52 ; *Hill v. Arbun* 34 L. T. (N. S.) 125 ; *Angel v. McLellan* 16 Mass. 28 ; Reeves' Dom. Rel. 345 ; horses are necessaries under some circumstances : *Mohney v. Evans* 51 Penn. St. 80 ; and the fact in the particular case must be settled by the jury : *Harrison v. Fane* 1 M. & G. 550 ; *Bent v. Manning* 10 Vt. 225 ; *Stanton v. Willson* 3 Day 37 ; *Davis v. Caldwell* 12 Cush. 512.

CAMPBELL, J. Defendant was sued for the price of a horse sold him by Emery Wood, a brother of plaintiff who claimed as assignee. The suit was brought before a justice while the defendant was an infant, and this appears of record. He was still an infant when the judgment rendered against him by the justice was appealed. Judgment was rendered against him also in the circuit court for Ingham county. It appeared that defendant had been garnished by a creditor of Emery Wood, and had paid the money over. But in the present suit this was not, so far as appears, established to have been before some notice of the assignment. Defendant was also prevented by the ruling of the court from showing fraud in the assignment.

If the case could stand unreversed upon the other matters, we should wish to consider whether a garnishee who has disclosed and paid over money to creditors would not be entitled, when sued on the same debt, to show that the assignment was not valid as against the creditors who garnished him, and who had, if it was fraudulent, a right to complain themselves of the assignment. While we do not find ourselves called on to pass upon this allegation of error, we do not wish to have it understood that it is regarded as unfounded. We leave it for future consideration.

We think the jury was clearly misled by the course taken below on the subject of infants' contracts. While the court in the charge did undoubtedly charge that the plaintiff must show the horse to have been a necessity to the defendant, the force of this was destroyed by the other charges and refusals to charge.

The plaintiff—although the defendant appeared only as an infant and his infancy was admitted—made no attempt to do any more than prove the sale of the horse as if made to a person of full age. When he rested he had made out no cause of action. If he recovered at all it could only be because the defendant (who was very unnecessarily called on by whoever represented his interests to show by way of defense what the law presumed in his favor) made out a

clear case of necessity. The fact that the defendant assumed the burden did not in any way exonerate plaintiff from making out a full case of actual necessity. The burden did not cease to be the plaintiff's burden. Defendant showed that he was carrying on his mother-in-law's farm for a third of the produce, and that she was to furnish all the teams, tools and implements. He had no other business.

This showed quite clearly that the horse was not necessary for defendant, and the court should not have refused to so charge. By refusing this charge, and by giving the jury to understand, as we think they could not fail to understand, that it was the necessity for the farming business, and not the necessity for the defendant's part in it, that would make him liable, they were led to a verdict which has no testimony to sustain it.

We have had some doubt whether we could properly grant a new trial upon the reversal. The defendant was not brought into the case so as to be impleaded in the way the statute points out. The guardian does not, on the original record, appear to have been properly appointed, and he, and not the defendant, had charge of the original defense and appeal. We are strongly inclined to regard the whole proceedings as too defective to bear investigation. Defendant did not assign error on this point, but it is open on the record, where the issues indicate error, and may stand in the way of any future judgment for plaintiff.

As the assignments of error now stand, we shall reverse the judgment, with costs of both courts up to this time, and allow a new trial if the plaintiff sees fit to incur the risk.

The other Justices concurred.