**Douglas Leroy HOPKINS, II, Appellant,**

v.

**The STATE of Texas.**

**No. 536–00.**

Court of Criminal Appeals of Texas.

May 30, 2001.

---

1. Article 38.23, Tex.Code Crim. Proc. Ann.

2. *Rankin v. State,* 974 S.W.2d 707, 713 (Tex. Crim.App.1996).

3. *Id.*

Danny R. Barfield, Pasadena, for Appellant.

Alan Curry, Asst. DA, Houston, for State.

## OPINION

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, HOLLAND, WOMACK, JOHNSON, and HERVEY, JJ., joined.

This appeal arises from the denial of a pre-trial motion to quash the information charging appellant, Douglas Leroy Hopkins, with driving while intoxicated. See Tex. Pen.Code § 49.04(b). This case specifically presents the question whether the State complied with Article 21.21(6) of the Code of Criminal Procedure when it filed an information on the same day that the offense was allegedly committed. We hold that the information filed in this case did comply with the requirements of Article 21.21(6) and affirm the judgment of the Fourteenth Court of Appeals.

Appellant was arrested for driving while intoxicated at 2:00 a.m. on the morning of December 20, 1997. The State charged appellant by complaint and information filed on that same date, alleging he committed the offense of driving while intoxicated "on or about" that date.[1]

Pre-trial, appellant moved to quash the information on the ground that it failed to show the offense occurred prior to the date the information was filed, as required by Article 21.21(6), which sets forth the requirements of an information as follows:

An information is sufficient if it has the following requisites ...

\* \* \*

(6) That the time mentioned be some date anterior to the filing of the

1. The body of the complaint stated:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas **DOUGLAS LEROY HOPKINS, II,** hereafter styled the Defendant, *on or about* **DECEMBER 20, 1997,** did then and there unlawfully while intoxicated, namely not having the normal use of his mental and physical faculties by the reason of the introduction of alcohol into his body, operate a motor vehicle in a public place. (Bold in original; italics added.)

The body of the information stated:

Comes now the undersigned Assistant District Attorney of Harris County, Texas on behalf of the State of Texas, and presents in and to the County Criminal Court at Law No. 7 of Harris County, Texas, that in Harris County, Texas, **DOUGLAS LEROY HOPKINS, II,** hereafter styled the Defendant, *on or about* **DECEMBER 20, 1997,** did then and there unlawfully while intoxicated, namely not having the normal use of his mental and physical faculties by the reason of the introduction of alcohol into his body, operate a motor vehicle in a public place.

(Bold in original; italics added.)

information, and that the offense does not appear to be barred by limitation.

At the hearing on the motion to quash, appellant did not dispute the State's assertions that the offense occurred at 2:00 a.m. on the morning of the 20th of December, 1997, and that the complaint and information were filed at 8:57 a.m that same morning.[2] The trial court overruled the motion to quash.

The Court of Appeals, citing *Mireles v. State*, 901 S.W.2d 458, 459 (Tex.Crim.App. 1995), upheld the trial court's ruling and determined that the phrase "on or about" meant "any time before the date of presentation of the information that [fell] within the applicable statute of limitations" and, therefore, "that the information did, in fact, allege that the charged offense occurred prior to the presentation of the information." *Hopkins v. State*, No. 14–98–190–CR (Tex.App.—Houston [14th Dist.], Nov. 24, 1999)(not designated for publication).

■ Appellant petitioned this Court to determine whether the State's "on or about" language in the information satisfied the required pleading under Article 21.21(6) and, if so, whether that conflicted with our precedent as set forth in *Cockrell v. State*, 154 Tex.Crim. 290, 227 S.W.2d 216 (1950); *Martini v. State*, 151 Tex.Crim. 215, 205 S.W.2d 988 (1947); *Gill v. State*, 20 S.W. 578 (Tex.Crim.App.1892), and other opinions in which this Court overturned convictions when the date of the offense was the same as the date the information was filed. Since the Court of Appeals did not analyze this line of cases in their opinion, we granted review.

■ Our review of the above-cited decisions shows that the informations there did not in any way show or allege that the offense was committed prior to the filing of the information. The informations further did not use the charging language "on or about ." Those cases simply held that an information must somehow allege that the offense was committed prior to the filing of the information, for the information to be valid. To begin our analysis, we go back some one hundred eighteen years, when this Court was presented this issue. In *Gill v. State*, we stated, "When it is alleged that the offense is committed on the day on which the indictment or information is presented, it must be *averred* that the offense was committed *prior to* such presentment." *Id.* at 578 (emphasis added). We reversed because the information did not allege the offense occurred before the signing of the information.

■ In the present case, the State sufficiently alleged that the offense occurred prior to the filing of the information. First, the use of the phrase "on or about" is a general statement adequate to allege that the offense occurred before the information was filed. That phrase alleged the possibility that the offense was committed before the date the information was signed. That possibility became a specific allegation when combined with the State's past tense charging language, "did ... operate." We have held that general language alleging that the offense was committed prior to filing, in conjunction with the use of past tense, sufficiently alleged the offense was committed before the filing of the information, and we adhere to that holding today. See *Mayse v. State*, 238 S.W.2d 784 (Tex.Crim.App.1951).

2.  The record from the motion to quash hearing seems to indicate that the parties agreed the information was filed at 8:57 a.m. on December 20, 1997. Both the information and the complaint however are file marked at 8:10 a.m. on December 20, 1997. We merely note the discrepancy here as it does not affect our holding today.

Article 21.21(6) requires that an information reflect in some manner that the offense was committed prior to filing (and within the limitation period). We hold that the State's use of the phrase, "on or about," in conjunction with past tense language, sufficiently alleged the offense occurred prior to the filing of the information. The trial court committed no error in refusing to quash the information. We affirm the judgment of the Court of Appeals.

KEASLER, J., joined only the judgment of the Court.