# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00525-CR

**Eugene Ruiz, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
## NO. 0990645, HONORABLE FRED A. MOORE, JUDGE PRESIDING

A jury convicted Eugene Ruiz of aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure. The jury assessed sentence at eight years in prison for the aggravated sexual assault. The jury also assessed six years in prison for the indecency counts, probated for ten years. Ruiz contends on appeal that (i) both indecency convictions are barred by the Double Jeopardy clause because they are lesser-included offenses of other charged offenses, and (ii) the prosecutor impermissibly presented to the jury her personal opinion of the appropriate sentence to be assessed. We affirm the district court's judgment.

We begin with a brief summary of the evidence necessary to the resolution of the first two issues. The child, who was twelve at the time of trial, testified regarding the offenses. She met Ruiz when she was four years old. She and her mother moved in with Ruiz and his mother. The child testified that, in 1996-97 when she was nine, every once in awhile when she was alone with Ruiz, he would tell her to lie on the bed and take off all her clothes. Sometimes he would touch her breasts,

anus, and vagina and sometimes he would lick those parts of her body; she testified that the touching and licking were separate occurrences. Once he asked her to touch his private part, which she did. On one occasion, he exposed his private part and pulled back the skin on it.

These events came to light when, apparently after an argument between the child's mother and Ruiz, the child's mother asked if Ruiz had been touching her where he should not touch her. After initially denying the touching, the child told her mother about these events and Ruiz was asked to leave the house. Steadfastly denying the accusations, Ruiz moved next door. The child and her mother continued to live with Ruiz's mother. Ruiz was never alone with the child again.

Ruiz's first two issues on appeal are identical save for the name of the lesser and greater offenses asserted. He asks by point one, "Is indecency with a child by contact a lesser-included offense of aggravated sexual assault of a child, when both are alleged to have happened *in the same manner and means*?" and by point two, "Is indecency with a child by exposure a lesser-included offense of indecency with a child by contact, when both are alleged to have happened *in the same manner and means*?" (Emphases added.) In both points, he then asks, "If so, is the Double Jeopardy clause of the Fifth Amendment to the United States Constitution or Article 1, Section 14 of the Texas Constitution violated by convictions of both for the *same act*?" (Emphasis added.) The resolution of these issues turns on evidence disproving the text that we have italicized in the issues.

Ruiz's argument depends in part on an assertion that the convictions arose from the same conduct, which may rely in part on the fact that the indictment alleges that each of the offenses occurred "on or about March 31, 1996." This allegation, however, does not require the State to prove three offenses occurring on the same date. "It is well settled that the 'on or about' language

2

of an indictment allows the state to prove a date other than the one alleged as long as the date proven is anterior to the presentment of the indictment and within the statutory limitation period." *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000); *see also Hopkins v. State*, 46 S.W.3d 896, 898-99 (Tex. Crim. App. 2001). The indictment was presented in February 1999, and the child testified that the offenses ended when Ruiz moved out, well before 1999. The statute of limitations on these offenses expires ten years after the victim's eighteenth birthday; because the child was born in December 1987, the statute runs in December 2015. *See* Tex. Code Crim. Proc. Ann. art. 12.01(5) (West Supp. 2001). Thus, the State was limited only to proving offenses that occurred before the indictment date. The indictment's listing of a single date for the three offenses does not necessarily mean that double jeopardy bars the indecency counts.

Generally, whether the offenses charged are nested as Ruiz asserts depends on the conduct proven.[1] *See Hutchins v. State*, 992 S.W.2d 629, 632-33 (Tex. App.—Austin 1999, pet. ref'd untimely filed). Like Ruiz, Hutchins was convicted of aggravated sexual assault of a child, indecency with a child by exposure, and indecency with a child by contact. *See id.* at 630. This Court vacated one of the indecency convictions and affirmed the other because of differences in the conduct proven. *See id.* at 632-33. This Court held that, because Hutchins was convicted for exposing his

---

[1] Aggravated sexual assault of a child as alleged requires proof that a person knowingly and intentionally penetrated a child's female sexual organ by hand, tongue, or mouth, or proof that the person knowingly and intentionally caused the child's sexual organ to contact the person's mouth. *See* Tex. Penal Code Ann. § 22.011(a)(2)(A) & (C) (West Supp. 2001). Indecency with a child by contact as charged in this case requires proof that a person, with intent to arouse and gratify his sexual desire, knowingly and intentionally touched a child's genitals or breast or caused her to touch his genitals. *See id.* at § 21.11(a)(1). Indecency with a child by exposure as charged in this case requires proof that a person knowingly and intentionally exposed his genitals, with intent to arouse and gratify his sexual desire, knowing the child was present. *See id.* at § 21.11(a)(2).

3

genitals (indecency) in the course of penetrating the child's sexual organ (aggravated assault), the indecency by exposure was a lesser-included offense of the aggravated assault. *Id.* at 632; *see also Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). This Court, however, affirmed the conviction for indecency by contact, stating:

> If the evidence also showed that the only act of sexual contact committed by appellant on or about June 1, 1997, was the contact incident to appellant's penetration of L.M. with his penis, or if the court's jury charge had required the jury to find that appellant touched L.M. with his penis, we would also agree with appellant that he could not be convicted for both aggravated sexual assault and indecency with a child by contact. *See Ochoa*, 982 S.W.2d at 907-08. But neither the evidence nor the charge was so limited. L.M. testified that appellant touched her genitals with his fingers before penetrating her with his penis. The jury charge, tracking the indictment, required the jury to find only that appellant touched L.M.'s genitals with the requisite intent; the charge did not require a finding that appellant touched L.M. with his penis. Although the two acts were committed in close temporal proximity, appellant's touching of L.M.'s genitals with his fingers was a separate and distinct act from his penetration of her female sexual organ with his penis. Because appellant has not shown that his conviction for indecency with a child by contact was based on the same conduct underlying his conviction for aggravated sexual assault of a child, his contention that these convictions constitute multiple punishments for the same offense is without merit.

*Hutchins*, 992 S.W.2d at 633.

This case is controlled by the latter example from *Hutchins*; in fact, the events constituting the offenses are more temporally distinct than those in *Hutchins*. The child in this case was asked, "Now, the time that he touched you all over with his hand, did he do that and also lick you at the same time or were those two different times?" She responded, "Those were two different times." The child's testimony that Ruiz licked her genitals, both inside and outside, supports the conviction for aggravated sexual assault of a child. Her testimony that on another occasion he

4

touched—but did not penetrate—her genitals supports the separate conviction for indecency with a child by contact. Her testimony that one time he pulled down his pants and told her to look at his private part supports the conviction for indecency with a child by exposure; though not as explicitly distinguished temporally from the other offenses, the sequence of the child's testimony supports a conclusion that it was a separate event.[2] The fact that she eventually briefly touched his penis might have supported alternatively a second count of indecency by contact, but it does not require us to vacate the conviction for indecency when that is the only conviction for that conduct. The evidence supports a finding of three separate events prompting three separate convictions; therefore, we conclude that the indecency by contact offense proven is not included within the aggravated sexual assault offense proven, and the indecency by exposure offense proven is not included within the indecency by contact offense proven. Accordingly, the double jeopardy clauses are not implicated. *See Hutchins*, 992 S.W.2d at 633. We overrule issues one and two.

By his third issue, Ruiz contends that the district court erred by allowing the prosecutor to use her closing argument at the punishment phase to inject harmful information that was not in evidence. Proper jury argument includes four areas: (1) summation of the evidence presented at trial, (2) reasonable deduction drawn from that evidence, (3) answer to the opposing counsel's argument, or (4) a plea for law enforcement. *Wilson v. State*, 938 S.W.2d 57, 59 (Tex. Crim. App.

---

[2] On page thirty-four, the child testified that sometimes he would touch her private parts and breasts. On page thirty-five, she said that sometimes he would put his mouth on her private parts and lick her private parts and breasts. On page forty-two, she said that Ruiz asked her to touch his private part once; she did so briefly, but stopped when her little brother walked into the room. On page forty-six she said that, though she was usually lying on the bed with some of her clothes off during these incidents, when he told her to look at his penis she was standing with her clothes on, thus indicating a different event.

5

1996); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). To constitute reversible error, the argument must violate a statute, be manifestly improper, or inject new, harmful facts into the case. *Wilson*, 938 S.W.2d at 59. To determine whether the error is harmless, we must calculate as much as possible the probable impact of the error on the jury in light of the existence of the other evidence. *Orona v. State*, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990). We must examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, its probable collateral implications, and how much weight a juror would probably place upon it. *Id.* In addition, we must determine whether declaring the error harmless would encourage the State to repeat it with impunity. We focus on whether the error might have prejudiced the jurors' decision-making, and whether they were able to apply the law properly to the facts in order to reach a verdict. *Id.*

Ruiz complains that the prosecutor improperly gave her opinion of what punishment should be. The prosecutor stated "You know, ladies and gentlemen, jurors have asked me before and I am going to tell you what I think this case is worth." After the district court overruled Ruiz's objection to the prosecutor's personal opinion, the prosecutor continued as follows:

> Based on the evidence, based on numerous acts of sex and oral sex on this child, based on the person, Mr. Ruiz should be assessed 50 years in the Institutional Division of the Texas Department of Criminal Justice.
>
> It does not matter what I think or what the District Attorney's Office thinks, and I represent the District Attorney's Office. Please, that really doesn't matter. The only thing that matters is what you 12 people tell us, tell us at the District Attorney's Office what these cases are worth. That is all that matters. That is all that matters is what you tell me, Mr. Kingston and I, that a person who rapes a child, rapes an eight-year-old, what do you think it is worth in Travis County.

6

I ask you, ladies and gentlemen, to assess a punishment you think is appropriate. I am going to ask you to send this man to prison, to send a message to this community, to tell [the child] she doesn't have to be afraid, to protect the children.

Ruiz also argues that the prosecutor argued outside the record, setting herself up as an expert on sentencing matters.

Case law contains examples of other arguments held not reversible error. In one case, the prosecutor indicated that the jury would affect future prosecutorial decisions:

And let me tell you this, I try to do what's right. I don't know. Maybe I do. Maybe I don't, . . . I'll tell you this. The one thing I will do; and I promise is, I'll listen to you. You are my voice. You're my sounding board. You think drug dealers ought to get probation, give it to her, and I'll deal accordingly. On the other hand, if you believe, as I think this evidence shows, you should respond with strong penitentiary time; and I will respond accordingly.

*Cerda v. State*, 10 S.W.3d 748, 756 (Tex. App.—Corpus Christi 2000, no pet.). The court held this argument, read as a whole, appears to argue the relationship between the jury's verdict and the deterrence of crime in general—a proper plea for law enforcement. *Id.* at 757; *see also Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim. App.1990). In *Ganesan v. State*, this Court held that the district court's allowance of the following argument was not reversible error:

[The prosecutor] then added, "And if you acquit that man, you are signing those two women's death warrants." Appellant objected that this was an "improper and inflammatory argument that has nothing to do with the rendition of the evidence." The objection was overruled and the prosecutor repeated, "Ladies and gentlemen, you will be signing the death warrants of those two young women if you acquit this man because the evidence tells you he's guilty."

7

*Ganesan v. State*, 45 S.W.3d 197, 205 (Tex. App.—Austin 2001, pet. filed). This Court held, "[The prosecutor's] remark did not violate a mandatory statute or inject new facts into the case. While the question is a close one, we conclude that [the prosecutor's] argument was not so manifestly improper or prejudicial under the circumstances as to warrant reversal." *Id*. at 207. The statements in this case by the prosecutor pale in comparison to the assertion that the defendant would kill two particular women if released.

We need not dwell on whether this argument was error because it had no discernible effect on the jury's sentencing decision. The prosecutor did not unduly emphasize her opinion of the proper sentence; she grounded her assessment in the facts of this case and in a plea for law enforcement. More important to the harm analysis, the prosecutor's assessment did not clearly sway the jury. *See Foster v. State*, 817 S.W.2d 390, 393 (Tex. App.—Beaumont 1991, no pet.) (fifty-year sentence for offense with punishment range of twenty-five to life shows improper argument [which jury was instructed to disregard] did not harm defendant). The jury could have assessed as Ruiz's punishment (1) between five and ninety-nine years in prison or life in prison for the aggravated sexual assault of a child claim; (2) between two and twenty years in prison for the indecency counts; and (3) fines of up to $10,000 for each offense. Instead, the jury assessed eight years for the aggravated assault, six years (probated) for each indecency count, and no fines. We do not see that declaring this apparently futile argument harmless would encourage the State to repeat this argument in other cases. We conclude the error, if any, was harmless. We overrule the third issue.

8

Having overruled all three appellate issues against Ruiz, we affirm the judgment of conviction.

 

_____

—

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   August 30, 2001

Do Not Publish