# Copeland *v.* The State.

*Indictment for Obtaining Money under False Pretenses.*

1. *Indictment defective for want of material averments.*—An indictment framed under § 3812 of the Code of 1886, which fails to aver that the property obtained by the defendant was obtained by reason of his having entered into a contract for the performance of some act or service, is fatally defective.

2. *Effect of one of alternative charges being lawful.*—An indictment drawn under section 3812, averring that defendant 'failed or refused' to perform the stipulated services is fatally defective, since the mere failure to perform the contract is not a criminal offense.

3. *Variance.*—Where the indictment avers that a contract was entered into by defendant with one person, and the proof shows a contract with two persons jointly, the variance is fatal and the contract should not be admitted in evidence.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

The indictment under which the conviction was had is as follows: "The grand jury of said county charge that, before the finding of this indictment, Alex. Copeland, with the intent to injure or defraud, entered into a contract in writing with J. D. Compton for the performance of an act or service, and obtained one mule of the value of seventy-five dollars; and with like intent, and without just cause or good excuse, and without paying for or refunding such property, failed or refused to perform such act or service against the peace and dignity of the State of Alabama."

D. A. BAKER, for appellant, cited *Sandy v. State*, 60 Ala. 58; *Colly v. State*, 55 Ala. 85; 69 Ala. 242; *White v. State*, 44 Ala. 409; *Roseberry v. State*, 50 Ala. 160; 52 *Ib.* 308; 68 *Ib.* 58.

W. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—This prosecution is under section 3812 of the Code. The indictment is fatally defective in two particulars. In the first place it fails to aver that the property obtained by the defendant was so obtained *by reason* of his having entered into a contract in writing for the performance of any act or service, or, in other words, it alleges that the defendant entered into such contract "and obtained" certain property, when it should have followed the language of the statute and averred that he entered into the contract with intent to injure or defraud, &c., *and thereby* obtained the property in question. For aught that is averred, the obtaining of the property was a matter wholly dissociated from the entering into the contract. Again, the indictment avers that the defendant *"failed or refused* to perform such act or service," an averment which would be entirely met and filled by proof of a mere *failure* of performance which is not a violation of this statute.

The fact that defendant, at the time of executing the contract and receiving the property, executed a mortgage on the property to secure the payment of the purchase-money he agreed to pay for it in labor, was proper to go to the jury on the question of his intent in entering into the contract and in refusing, if he did refuse, to perform the same, but notwithstanding such fact it was still open for the jury to find the existence of the fraudulent intent which the statute makes an element of the offense.

[Keith v. The State.]

If the contract was for the performance of services by the defendant himself and his son, we deem it proper to say that no refusal on the part of the latter to perform the service for which his father had stipulated could, under any circumstances, render either of them amenable to the penal consequences of this statute, and this though the son was a minor. The operation of the statute is solely upon the party who enters into the contract to personally perform some act or service for the other party, and it should not and can not be extended to contracts for the services of a third person whether such person be *sui juris* or not.

It seems, however, that the defendant's obligations for service under this contract could be discharged by the labor of *either* himself *or* his son, or a substitute for either of them. In such case the failure of the son to perform the service, coupled with a failure to have the service performed by some third person, made the duty of performance by the father in person an absolute one, and if he then *refused* to perform the stipulated service he would be guilty so far as this point is concerned. There is no evidence in the record before us that the father at any time *refused* to personally discharge the contract. And if there should be another trial on a sufficient indictment, and the evidence should be the same as it appears to have been on this trial, the general charge should be given for the defendant.

Moreover, there is a fatal variance between the indictment and the evidence in respect of the contract, in that the indictment avers a contract made with J. D. Compton, and the contract adduced was made with John D. Compton *and W. F. Compton*. The court erred in admitting this contract in evidence against defendant's objection; and having allowed it to go to the jury, it would have been proper to have given the general charge for defendant, had it been requested.

The judgment of the Circuit Court is reversed and the cause remanded.