# Tennyson *v.* The State.

*Indictment for Obtaining Money by False Pretense Under Contract for Services.*

1. *Indictment—insufficient averments.*—An indictment framed under Sec. 3812 of the Code of 1886, which fails to aver that by the terms of the contract defendant bound himself to perform any act or service, is insufficient, and on error will not support a conviction.
2. *Same*—And when such indictment fails to aver that by reason of the promise in the contract (thereby) the defendant obtained money or other property, it is defective and on error will not support a conviction.

Appeal from Pike Circuit Court.

Tried before Hon. John P. Hubbard.

The indictment is as follows: "The grand jury of said county charge that, before the finding of this indictment, Pat Tennyson, with intent to injure or defraud, entered into a contract in writing with Sye Miles, an act or service, and obtained from said Miles twenty-seven and 90-100 dollars, and with like intent, and without just cause, and without refunding such, refused to perform such act of service, against the peace and dignity of the State of Alabama."

Under the plea of former acquittal, defendant introduced testimony tending to show that he had been tried and acquitted on the same charge.

D. A. Baker, for appellant.

W. L. Martin, Attorney-General, *contra.*

STONE, C. J.—The transcript before us contains two copies of what purports to be the indictment on which the defendant was tried and convicted—one in the record proper, and the other in the bill of exceptions. Each is defective, in that each fails to aver that the defendant, in entering "into a contract in writing," obliged or bound himself "*for the performance of* any act or service, and *thereby* obtains," &c.—

[Nelson. v. The State.]

Code of 1886, § 3812. The words we have italicized are omitted from the indictment, as shown in each copy, and no other words are substituted in their place. The result is that the indictment, as shown to us, fails to charge that by the terms of the contract, the defendant bound himself to perform any act or service; and it also fails to aver that by means of such promise ("thereby") the defendant obtained either money, or other personal property.—*Copeland v. State*, 97 Ala. 30. The indictment is so imperfect that it fails to charge any offense. This defect would have been fatal on motion in arrest of judgment, and it is equally fatal on error.—1 Bish. Cr. Prac., § 1368; Roscoe's Cr. Ev., 226.

There is nothing in the other point urged for appellant.

Reversed and remanded.