# Harris *v*. The State.

### Violation of Contract.

(Decided June 30, 1908.   47 South. 340.)

*False Pretense Violating Contract.*—The contract in this case, for the reason that it included, in addition to the performance of service on the part of the defendant, that of having defendant's wife move upon the premises of the employer and cultivate a crop on shares, is not within the influence of section 4730, Code 1896, as amended by acts 1903, p. 345; hence, a prosecution could *not be maintained* under the law for a violation of the contract.   (Dowdell and Denson, JJ., dissenting.   McClellan concurring for the reasons stated in the opinion.)

APPEAL from Macon County Court.

Heard before Hon. M. B. ABERCROMBIE.

Anderson Harris was convicted of a violation of Acts 1903, p. 345, in amendment of Code 1896, § 4730, making punishable a person who, with intent to defraud his employer, enters into a contract for the performance of any act or service, and thereby obtains money or other personal property from him, and he appeals.   Reversed, and judgment rendered discharging defendant.

H. P. MERITT, for appellant.   No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney-General, for the State.

ANDERSON, J.—Acts 1903, p. 345, amending section 4730 of the Code of 1896, provides that "any person who, with intent to injure or defraud his employer, enters into a contract in writing for the performance of any act or service, and thereby obtains money or other personal property from such employer," etc.   It is clear

that, to come within the influence of the statute, the sole consideration moving from the employe to the employer must be the performance of personal service by him, and none other; and when the employe undertakes, in order to secure the advances, other things in addition to performance of service, such as having one's wife move on the employer's place and cultivate a crop on shares, the contract ceases to be such a one as is contemplated by the statute. It is not sufficient that ordinarily the lesser is included in the greater, as this is a criminal statute, aimed solely at those who enter into contracts to perform personal service, and not those including such obligation in connection with other things. Anything said to the contrary in the case of *Copeland v. State,* 97 Ala. 30, 12 South. 181, was not decisive of said case, and was therefore dictum. Moreover, an examination of the record in said case discloses a very different contract from the one before us in the present case.

The trial court erred in not sustaining the objection to the introduction of the contract in evidence, and the judgment is reversed, and one is here rendered discharging the defendant.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur. DOWDELL and DENSON, JJ., dissent.

McCLELLAN, J.— (concurring.) It appears, and that without conflict, "that just previous to entering into the trial of this case, and on the day of the trial, the defendant had tendered him (Whatley) $3 in payment of that which he had let him (defendant) have at the time of the execution of the contract," and that Whatley had refused the tender. I think this action on the part of the defendant could only be taken as an

effect to purge himself of the offense by refunding the money. The statute (section 4730) grew out of the act approved February 17, 1885 (Acts 1884-85, p. 142), whereby an essential element of the offense created therein was that the employed person abandoned the service "without first repaying such money." The Legislature, in adopting the Code of 1886, evinced by section 3812 an unmistakable purpose to change the time of repayment as an act excusing the imputation of the offense described. In other words, one could not be convicted, before the codification, if prior to abandoning the service he first repaid such money or other advance; whereas, under the codification, the servant refusing to perform the contract service might render himself guiltless by refunding such money after he had breached the contract of service. We think there can be drawn, from this legislative charge, no other intent than to afford, without limitation as to time to the contracting party preserved by the statute, the privilege of exculpating himself by refunding within the terms of the statute. Such statutes as these are strictly construed, and I apprehend that rule would be violated if we read into this one the limitation that the refunding must be attempted or accomplished before a prosecution is begun. It is said, in elucidating this statute, in *Vann's Case,* 150 Ala. 66, 43 South. 358: "The gist of the crime is to fraudulently get the money or property of another, and the statute merely condones the offense by permitting the defendant to repay or refund, and requires the state to negative this fact." To allow the complainant, where prosecution is begun by affidavit or the grand jury, in the prosecution of an indictment, to put an end to the opportunity to find pardon, condonation, by refunding the money or the value of the property, would vest a power not contemplated by the statute.

The tender of the money was made. It was all he could do. He could not compel its acceptance. The offense was condoned; and the judgment must be reversed, and one will be here rendered discharging the defendant.