# Hampton *v.* The State.

## *Burglary.*

(Decided June 15, 1911.    55 South. 1018.)

1. *Indictment and Information; Substitution.*—Where it is shown
that an indictment has been lost or destroyed the court may properly
direct the clerk to make and certify a copy thereof under section
7158, Code 1907, and place the defendant on trial thereon.

2. *Infants; Crime; Capacity to Commit.*—An infant under seven
years of age is presumed to be incapable of committing felonious
crimes, and the presumption continues between the ages of seven and
fourteen, but is rebuttable, and after the age of fourteen no such
presumption is indulged; hence, an infant between the age of seven
and fourteen cannot object to being put on trial for a felony because
of his age.

3. *Burglary; Evidence; Conversation.*—Where a store was robbed
some time between Saturday night and Monday morning, and some
of the goods were left concealed behind the store, it was competent
for a person who concealed himself near the goods on the following
Monday night to testify as to the conversation and action of the de-
fendant and his co-defendant when they came to the place, but were
without knowledge that they were being watched.

4. *Charge of Court; Directing Verdict.*—Where the evidence as to
guilt was conflicting it becomes a question for the jury and the court
cannot properly direct a verdict for the defendant.

[Hampton v. The State.]

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

From a conviction of burglary Monroe Hampton appeals. Affirmed.

See also 167 Ala. 73; 52 So. 659.

PAUL HODGES, for appellant. No brief came to the Reporter.

ROBERT C. BRICKELL, Attorney General, for the State.

PELHAM, J.—The defendant was indicted for burglary, and objected to being put upon his trial on a certified copy of the indictment; it being shown to the court that the original indictment was lost, misplaced, or destroyed. The court properly directed the clerk to make a certified copy of the indictment, and there was no error committed in arraigning and trying the defendant on the copy thus made and certified.—Code 1907, § 7158.

After the jury was impaneled and before evidence was offered on the trial, defendant's attorney made the suggestion to the court that the defendant was a minor under 14 years of age, and at the time the offense for which he was indicted was committed was under 12 years of age, and objected to the court proceeding with the trial on account of defendant's age.

The subtle distinctions as to "the dubious age of discretion and criminal liability" of infants, occasioning much confusion under the common law, finally crystallized into the rule dividing infancy into two periods, during the first of which, before the infant reaches 7 years of age, he is legally presumed to be incapable of committing a felonious crime; after attaining his seventh year, he is no longer legally presumed to be incapable of committing a crime, but becomes only prima

facie incapable, and this presumption lessens as his years increase, until at 14 he becomes prima facie capable of committing crime. If the infant is of sufficient intelligence and discernment to comprehend the nature and consequence of his evil acts when between 7 and 14 years of age, he may be properly and legally convicted and punished, and the evidence in this case disclosed by the record is sufficient to remove the defendant from the operation of the rule allowing immunity from punishment for the commission of a felony, and to overcome the prima facie presumption of defendant's incapacity on account of his infancy. Defendant being between the ages of 7 and 14 years, when the presumption of not being capable of committing a felony may be overcome by evidence, and not under 7 years, when he cannot have discretion and no evidence can be heard against the presumption of incapacity, and the prima facie presumption attaching in this case being shown by the record to have been repelled by satisfactory evidence of legal accountability, there was no error in the court's overruling defendant's objection to being put upon his trial.—*McCormack v. State,* 102 Ala. 156, 15 South. 438; *Martin v. State,* 90 Ala. 608, 8 South. 858, 24 Am. St. Rep. 844; *Godfrey v. State,* 31 Ala. 323, 70 Am. Dec. 494.

The defendant being jointly indicted with Alex. Jones, and the burglary of the store having been shown to have taken place between Saturday night and Monday morning following, and some of the goods secreted behind the store in the yard, there was no error in allowing a witness, who had secreted himself Monday night to watch the secreted goods, to testify what defendant and Alex. Jones, who came to the place, not knowing they were observed, said on that occasion tending to show their knowledge of the burglary; nor was

there error in refusing to exclude the evidence of this witness as to what took place at that time, upon the part of defendant and Jones, as this evidence, in connection with other evidence in the case, had a tendency to show defendants connection with the crime.

The evidence as to defendant's guilt was in conflict, and was a question for the determination of the jury, and the general charge in behalf of defendant was properly refused.

No reversible error appears in the record, and the judgment appealed from is affirmed.

Affirmed.