# Thomas *v.* The State.

## *Violating Written Contract.*

(Decided June 30, 1915.   Rehearing denied October 4, 1915.
69 South. 908.)

1. *Constitutional Law; Master and Servant; Contract; Personal Right.*—The purpose of Acts 1911, p. 93, is to punish those who are guilty of obtaining money or property by false misrepresentation or false pretense. and the act is not invalid as permitting involuntary servitude in violation of section 1, Amendment 13, of the Federal Constitution.

2. *Master and Servant; Contract; Violation; Statute.*—The fact that defendant was a minor and could not make a legally binding contract was no defense to a prosecution for a violation of Acts 1911, p. 93.

(Thomas, J., dissents.)

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

James Thomas was convicted of entering into a written contract for the performance of service, with intent to defraud his employer, and he appeals. Affirmed.

T. S. FRAZER, for appellant.

[Thomas v. The State.]

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was prosecuted for entering into a written contract for the performance of an act of service with intent to defraud his employer, and obtaining from his said employer $60 in money, in violation of the provisions of the act approved March 9, 1911, p. 93.

(1) The object and purpose of the act, and the essence of its provisions, is to punish those who obtain money, or property, by fraudulent misrepresentation or false pretense, and is not similar, and has not the corresponding vice of section 6846 of the Code of 1907, of permitting involuntary servitude in violation of the federal Constitution and statutes prohibiting peonage, held to be invalid by the United State Supreme Court.—*U. S. v. Reynolds*, 235 U. S. 133, 35 Sup. Ct. 86, 59 L. Ed. 162. The defendant's demurrers to the affidavit and complaint attacking the constitutionality of the proceedings were not well taken and were properly overruled.

The state's demurrers to the defendant's plea setting up the minority of the defendant, averring that he was a person over the age of 14 and under the age of 21, were properly sustained. The contention of the appellant is that, as the violation of the statute involved making a contract, unless the defendant was of full age to make a legally binding contract, he could not be convicted under the provisions of the statute. As illustrative of the fallacy of this contention, the sale of prohibited liquors in violation of the prohibition statutes also embraces proof of the making of a contract between the seller and purchaser (*Rhodes v. State*, 3 Ala. App. 182, 57 South. 1021), and it would hardly be seriously con-

[Thomas v. The State.]

tended that for this reason a minor over 14 years of age would not be subject to punishment for a violation of the statutes to suppress the evils of intemperance in making an illegal sale of liquor. The question is not one of being of the legal age to enter into a contract, but possessing the requisite guilty knowledge of the wrong-fulness of the act charged to authorize a conviction of crime, and every person over 14 years of age charged with crime in this state is presumed to be responsible for his acts.—Code, § 7175; *Hampton v. State*, 1 Ala. App. 156, 55 South. 1018.

(2) The general rule is that the fact that a person is a minor does not render him incapable of committing crime or exempt from responsibility therefor; and where the gist of the prosecution is for swindling in obtaining money or property by false pretenses, the fact that the contract through which the defendant operates is voidable by reason of the defendant's infancy is no defense to the prosecution for obtaining the property by false representation. See *Lively v. State* (Tex. Cr. App.) 74 S. W. 321. The right of an infant to avoid his contracts because of his minority is a right given to him solely for his protection during that period when it may be supposed he is unable to fully protect him-self against imposition in making agreements. And to say that the right of an infant to avoid his contracts furnishes him a good defense in a criminal prosecution of this nature, embracing such a voidable contract en-tered into on his part, would be to enable him to turn his disability of minority into a weapon of dishonesty —a result that was never designed or intended as one of the benefits to accrue to the minor and be made use of by him as an excuse for escaping responsibility for his criminal acts, of which he had sufficient intelligence

28—13

and discernment to comprehend the consequence and evil nature.

The evidence was amply sufficient to sustain the court's finding that the defendant was guilty of the offense charged, and the refusal of the court to discharge the defendant because of the insufficiency of the evidence to warrant a conviction was free from error.

We find no error in the record, and the judgment of conviction appealed from is ordered affirmed.

Affirmed.

THOMAS, J.— (Dissenting.)—The statute under which defendant was convicted provides that: "Any person who, with intent to defraud his employer, enters into a contract in writing for the performance of an act or service and with like intent obtains from such employer money or other personal property shall be guilty of a misdemeanor," etc.—Acts 1911, p. 93.

One of the essential elements of the crime is, as seen a binding written contract for the performance of the act or service; for without such a contract there can be no crime under the statute quoted, however fraudulent be the intent.—*McIntosh's Case,* 117 Ala. 128, 23 South. 668; *Harris' Case,* 156 Ala. 158, 47 South. 340; *Tennyson's Case,* 97 Ala. 78, 12 South. 391; *Riley's Case,* 94 Ala. 82, 10 South. 528; and citations under section 6845 of the Code of 1907.

The contracts of infants, as the defendant is, are voidable, and, when avoided, as the contract here was, by his refusal to perform the service, the case stands as if there had been no contract (*Langham's Case,* 55 Ala. 114) ; and the writer is therefore unable to square the logic of holding the defendant liable criminally on account of the contract, as the majority of the court nec-

essarily do, with the logic of that holding that civilly he would not be liable, as undoubtedly he would not. The following authorities sustain the writer, he thinks, in his dissent to the holding of the majority, to wit: *State v. Howard,* 88 N. C. 650; *Jones v. State,* 31 Tex. Cr. R. 252, 20 S. W. 578; authorities supra; *Langham's Case, supra; Driscol's Case,* 77 Ala. 85; 22 Cyc. 622. Infancy is, as a general rule, no defense against a tort, just as it is, as a general rule, no defense against a crime, but, when the tort grows out of a contract, the rule is different.—*Grove v. Nevill,* 1 Keb. 778; *Doran v. Smith,* 49 Vt. 353; 16 Am. & Eng. Ency. Law, 308, 310. So, likewise, when the crime is predicated on a contract of the infant which has been avoided, infancy is a good defense, the writer thinks, against the crime. See authorities cited next before the last cited.