165 So. 402

## JOHNSON v. STATE.

3 Div. 779.

Court of Appeals of Alabama.

Nov. 5, 1935.

Rehearing Denied Dec. 17, 1935.

**6**

H. C. Rankin, of Brewton, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, by his own admission, struck one Frank Wainwright two blows over the back of the head with a stick, which caused his death. He was indicted for murder in the first degree, tried, and convicted of the offense of murder in the second degree. His punishment was fixed at imprisonment in the penitentiary ·for the term of fifteen years.

The state's evidence tended to make out a willful, deliberate, malicious, and premeditated murder of a most revolting sort. That on behalf of appellant *tended* to ex-

culpate him, though it is not so plain that he would have been without blame even if the jury had accepted as true, which they manifestly did not, his own statement of the occurrence. In the view the. result of the trial shows the jury to have taken of the testimony in the case, the punishment imposed upon appellant was moderate indeed.

Not only have we been mindful of the duty imposed upon us by Code 1923, § 3258, but we have given careful attention to .what has been said here in brief by appellant's capable counsel, who has in succinct manner called our attention to practically every ruling by the lower court in any way affecting his client's rights. ·But we find very little that needs to be said.

The original indictment being shown to have been lost, after its recordation, it was entirely permissible to put appellant on trial on a properly certified copy thereof. Code 1923, § 4553. In all that was done in this regard the court below seems to have obeyed accurately the provisions in the Code section just cited. See Hampton v. State, 1 Ala.App. 156, 55 So. 1018.

Complaint is made as to the introduction into the evidence of the two X-ray photographs showing, or supposed to show —we can't tell from an inspection thereof—the fractures made ·of the skull of the deceased Wainwright.

Appellant claimed to have struck deceased only two blows. The state's witnesses testified that he struck three, describing· them, the last under unspeakably cowardly circumstances. These photographs doubtless were of aid to the jury in considering the conflict in the testimony as to the number of blows. They seem to have .been offered under circumstances we hold sufficient for their admission, as described in the case of Demopolis Telephone Co. v. Hood, 212 Ala. 216, 102 So. 35.

It would be a useless consumption of both time and space for us to discuss seriatim each other exception reserved on the taking of testimony. The same .is true with regard to the written requested charges refused to appellant.

Of the first, we may say that it is obvious that no one of same was to a ruling that failed to reflect a correct view of the law appertaining. Appellant's counsel "argues" somewhat, concerning some of same,

but—for the very, good reason that none, we believe, exists—cites no authority tending to show that any one of same was infected with error prejudicial to appellant.

■ Of the second, the refused charges, it is only necessary to remark that each one of same, if not patently erroneous in its statement of the applicable law or involved and confusing, was, in essential substance, fully covered by and included in some one of the rather numerous written charges given to the jury at appellant's request, or the trial court's correct and comprehensive oral charge—in some instances by both.

■ The trial appears to have been excellently conducted, both on the part of the learned judge and the counsel in the cause. The issues, or issue, involved could be decided only by the jury. The evidence amply supports their verdict.

The judgment is affirmed.

Affirmed.